UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-23354-BLOOM/Otazo-Reyes**

PALMETTO EKG & ECHO READERS,
PROFESSIONAL ASSOCIATION,

    Plaintiff,

v.

CIGNA HEALTHCARE OF FLORIDA,
INC.,

    Defendant.
_____/

**ORDER ON POST-REMOVAL PROCEDURES, AND REQUIRING SCHEDULING REPORT AND CERTIFICATES OF INTERESTED PARTIES**[1]

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Defendant filed a Notice of Removal, ECF No. [1] ("Notice"), on October 14, 2022. The Notice is filed pursuant to 28 U.S.C. §§ 1441, 1446, seeking removal, pursuant to 28 U.S.C. § 1331, of an action filed in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, entitled *Palmetto EKG & Echo Readers, Pro. Ass'n v. Cigna Healthcare of Fla., Inc.*, Case No. 2022-025489 SP 23 ("State Court Action"). Pursuant to 28 U.S.C. § 1447(a)-(c), Fed. R. Civ. P. 81(c), and S.D. Fla. L.R. 7.2, it is **ORDERED** that:

  1. Based on Defendant's representation in the Notice that it was served with process of the State Court Action on September 14, 2022, **on or before October 24, 2022**, Defendant shall answer or otherwise respond to the underlying complaint, unless Defendant has already done so in the State Court Action.

---

[1] The parties must not include Judge Bloom and the assigned U.S. Magistrate Judge as interested parties unless they have an interest in the litigation.

Case No. xx-cv-xxxxx-BLOOM/Valle/Otazo-Reyes

2. **On or before October 31, 2022**, the parties shall comply with Local Rule 7.2 to the extent there are any motions pending in the State Court Action, and shall **separately** re-file the motion, relevant memoranda of law in support of or opposition to those motions.

3. Plaintiff may file a motion to remand this case **on or before November 14, 2022**.[2] Deadlines with respect to such motion will be governed by all relevant Local Rules.

**Joint Scheduling Report**

4. **By November 7, 2022**, the parties shall prepare and file a joint scheduling report, as required by Local Rule 16.1. The joint scheduling report and proposed order shall include all information required by Local Rule 16.1(b)(2) and (3). In addition, at the time of filing the joint scheduling report, the parties, including governmental parties, must file certificates of interested parties and corporate disclosure statements that contain a complete list of persons, associated persons, firms, partnerships, or corporations that have a financial interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party (to the extent they have not already done so). Throughout the pendency of the action, the parties are under a continuing obligation to amend, correct, and update the certificates.

*Detailed Discovery Schedule*: Local Rule 16.1(a) provides for a differentiated case management system based on the complexity of each case and the requirement for judicial involvement. That system categorizes cases along three case management tracks: expedited, standard, or complex.

- Expedited track cases are relatively non-complex, require 1 to 3 days of trial, and

---

[2] The Court notes that no party can waive the objection of lack of federal subject-matter jurisdiction; any party can exercise the right to secure a remand of an action to state court when there is no federal subject-matter jurisdiction over the action that has been removed to federal court. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1280 (11th Cir. 2005) (noting in addition responsibility of court to raise issue of jurisdiction *sua sponte*).

- between 90 and 179 days for discovery from the date of the scheduling order.
- Standard track cases require 3 to 10 days of trial, and between 180 and 269 days for discovery from the date of the scheduling order.
- Complex track cases are unusually complex, require over 10 days of trial, and between 270 and 365 days for discovery from the date of the scheduling order.

"The following factors [are] considered in evaluating and assigning cases to a particular track: the complexity of the case, number of parties, number of expert witnesses, volume of evidence, problems locating or preserving evidence, time estimated by the parties for discovery and time reasonably required for trial, among other factors." S.D. Fla. L.R. 16.1(a)(3).

Fed. R. Civ. P. 26(b)(1) allows discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The parties shall participate in good faith in developing a detailed discovery plan, including any agreed-upon limitation on scope, frequency and the extent of discovery. The parties shall include in their scheduling report any unique discovery matters, including any electronically stored information that should be preserved and accessed. The parties shall establish a detailed schedule for the preservation, disclosure and access of each different type or category of electronically stored information.

Consistent with the differentiated case management system, other relevant local rules (such as Local Rule 16.2, regarding mediation), and the twin goals of expeditious and attentive case management, the Court anticipates the following scheduling deadlines in the run of cases:

- Selection of a mediator and scheduling of a time, date and place for mediation within 30 days of the scheduling order.
- Deadline to amend pleadings and join parties within 60 days of the scheduling

Case No. xx-cv-xxxxx-BLOOM/Valle/Otazo-Reyes

order.

- Completion of all discovery consistent with the case management track guidelines, and 120 days prior to trial.
- Completion of mediation prior to the deadline for dispositive pre-trial motions.
- Deadline for dispositive pre-trial motions and *Daubert* motions (which include motions to strike experts) 100 days prior to trial.
- Deadline for submission of joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, 40 days prior to trial.
- Calendar call one week prior to trial.

Those deadlines are not exhaustive of deadlines which may be set in the scheduling order.

The parties should address their joint scheduling report and their proposed pre-trial deadlines both to the differentiated case management system and to the Court's anticipated deadlines. The parties are encouraged to explain their proposed deadlines in light of those overarching guidelines, including as to the factors listed in Local Rule 16.1(a)(3). **The parties are cautioned that if they fail to submit a joint scheduling report by the applicable deadline, the Court may unilaterally set this case on a case management track in accordance with Local Rule 16.1(a) and calculated as if the scheduling report had been timely filed.**

The parties are advised that the failure to comply with any of the procedures contained in this Order or the Local Rules may result in the imposition of appropriate sanctions, including, but not limited to, the dismissal of this action or entry of default.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 17, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cv-23354-BLOOM/Otazo-Reyes**

PALMETTO EKG & ECHO READERS,
PROFESSIONAL ASSOCIATION,

  Plaintiff,

v.

CIGNA HEALTHCARE OF FLORIDA,
INC.,

  Defendant.
_____/

**ELECTION TO JURISDICTION BY A UNITED STATES**
**MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS**

  In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

| | |
|---|---|
| 1. Motions for Costs | Yes _____ No _____ |
| 2. Motions for Attorney's Fees | Yes _____ No _____ |
| 3. Motions for Sanctions | Yes _____ No _____ |
| 4. Motions to Dismiss | Yes _____ No _____ |
| 5. Motions for Summary Judgment | Yes _____ No _____ |

_____  _____
(Date)     (Signature—Plaintiff's Counsel or Plaintiff if *pro se*)


_____  _____
(Date)     (Signature—Defendant's Counsel or Defendant if *pro se*)

**Attachment A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23354-BLOOM/Otazo-Reyes

PALMETTO EKG & ECHO READERS,
PROFESSIONAL ASSOCIATION,

    Plaintiff,

v.

CIGNA HEALTHCARE OF FLORIDA,
INC.,

    Defendant.
_____/

## MAGISTRATE JUDGE JURISDICTION FOR TRIAL

In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and entry of final judgment with respect thereto.

_____     _____
(Date)              (Signature—Plaintiff's Counsel or Plaintiff if *pro se*)

_____     _____
(Date)              (Signature—Defendant's Counsel or Defendant if *pro se*)

**Attachment B**